# Glover *v.* Jefferson County Savings Bank.

## *Assumpsit.*

(Decided December 19, 1912. 60 South. 548.)

1. *Bills and Notes; Pleading; Variance.*—Where defendant set up by plea that his endorsement was upon the express condition that the wife of the maker should thereafter sign the note as a co-maker with her husband, the plea was not supported by evidence that the maker's wife should thereafter execute it as a maker, as such evidence constitutes a variance with the allegations of the plea.

2. *Appeal and Error; Error in Amount; Remission.*—Where the finding exceeded the amount of the principal and interest on the note, a reversal will not follow if the plaintiff consents to a reduction to the proper amount.

APPEAL from Jefferson Circuit Court.

Heard before Hon. John C. PUGH.

Action by the Jefferson County Savings Bank against J. T. Glover as endorser on a note. Judgment for plaintiff and defendant appeals. Corrected and affirmed.

JAMES A. MITCHELL, for appellant. The finding was not supported by the evidence, and as pleas 4 and 5 were fully proven judgment should have been rendered for the defendant. The bill of exceptions does not show sufficiently the conclusions and judgment of the trial court upon the evidence as required by section 7, Acts 1888-9, p. 801; *Stevenson v. Allison,* 165 Ala. 238.

BAUGH & EMERSON, for appellee. It is necessary to prove all the material averments of pleas.—*Ramsey v. Smith,* 138 Ala. 323; 31 Cyc. 674. This is true even where issue is joined upon immaterial pleas.—*M. & C. R. R. Co. v. Martin,* 121 Ala. 269; *Culver v. Calwell,*

137 Ala. 125. There was variance between the pleading and the proof.

WALKER, P. J.—The appellant was sued as the indorser of a promissory note. The correctness of the finding and judgment against him by the trial court sitting without a jury is questioned, principally upon the ground that the evidence in the case without conflict supported the averments of two special pleas, numbered 4 and 5, interposed to the complaint. Plea 4 set up that the defendant indorsed the note upón a stated condition, which was not complied with. Plea 5 set up that the indorsement was procured by an alleged fraud committed by one W. E. Gardner, "who was the agent of the plaintiff in procuring the defendant's indorsement of said note." We are not of the opinion that the evidence was such as to require a finding that either of those pleas was sutained. A part of the condition averred in plea 4 was that Mrs. W. E. Gardner "should thereafter sign said note as co-maker with the said W. E. Gardner." The testimony of the defendant was to the effect that he indorsed the note upon the condition that Mrs. W. E. Gardner would thereatfer execute it as maker; but it did not show, as averred in the plea, that she was to sign the note as co-maker with W. E. Gardner. There was a lack of correspondence between the averments of the plea and the evidence offered in support of it. The evidence did not support the averment of plea 5 as to W. E. Gardner being the plaintiff's agent in procuring the defendant's indorsement of the note.

The amount of the finding of the court exceeded that of the principal and interest due on the note, which, under the evidence, was all that was recoverable. The mistake made in this respect cannot avail the defendant

[Capital Security Company v. Holland.]

to secure a reversal of the judgment, as the appellee consents to the correction of the judgment so as to make it for the proper amount. The judgment will here be corrected, so as to make the amount awarded to the plaintiff $71.37, instead of $86.37, and, as so corrected, it is affirmed; appellant to pay the costs.

Corrected and affirmed.